UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TARA CLAGHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01107-TAB-WTL |
| ) | |
| CAROLYN COLVIN, ) | |
| ) | |
| Defendant. ) | |

**ENTRY**

**I.     Introduction**

This is an appeal by Plaintiff Tara Claghorn of a January 15, 2013, unfavorable decision by an Administrative Law Judge. The parties appeared by counsel on July 29, 2015, for oral argument. The Court invited the parties to submit supplemental briefs based upon *Varga v. Colvin,* 794 F.3d 809 (7th Cir. 2015), decided only days before the oral argument. Based upon a review of the record, the oral argument, and the parties' briefs, the Court remands this action for further consideration.

**II.     The ALJ's Decision**

At step two, the ALJ concluded that Plaintiff suffers from the following severe impairments: arthritis, back pain, fibromyalgia, a history of breast cancer, a history of migraine headaches, a depressive disorder, an anxiety-related disorder, and a history of substance abuse. At step three, the ALJ found Plaintiff retained the capacity to sustain light work with the following additional restrictions: she is unable to climb ladders, ropes, or scaffolds and she is unable to perform work that requires walking on slippery or uneven surfaces. She is limited to the performance of simple, repetitive tasks that do not involve fast-paced production

requirements. At step four, the ALJ concluded that Plaintiff could not perform past relevant work. At step five, the ALJ found that Plaintiff could perform the following occupations: Cashier II, Mail Clerk in a setting other than the United States Post Office, and Office Helper. [Filing No. 10-2, at ECF pp. 29-30.] Plaintiff's claim for benefits was denied upon this step five finding. *Id.*

### III. Standard of Review

Plaintiff argues the ALJ's decision is not supported by substantial evidence. Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) (citing *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997)). Meaningful judicial review, however, requires an adjudicator to build a logical and accurate bridge between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000); *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

### IV. Discussion

The ALJ essentially ignored a significant amount of the evidence which supported Plaintiff's allegations and claim for disability benefits. The ALJ concluded Plaintiff can sustain the exertional demands of light work so long as she does not walk on slippery or uneven surfaces. [Filing No. 10-2, at ECF pp. 24-25.] He found she could sustain simple, repetitive work so long as it does not involve fast-paced production requirements. To support his conclusions, he only cited Dr. Mander's testimony, one largely normal clinical examination, a normal EMG from 2012, and Dr. Olive's testimony. *Id.* at 27-28.

The ALJ's discussion of the evidence is woefully inadequate. Most notably, the ALJ ignored opinions from three treating or examining sources which contradict his RFC determination and corroborate Plaintiff's allegations of profound physical and mental limitations.

2

In June of 2011, Dr. Sullivan, a clinical neuropsychologist who was treating Plaintiff, observed significant difficulty with her attention and concentration, and wrote:

> Rather, evidence suggests that [Plaintiff's] stated cognitive deficiencies are rooted in other factors (not neurological etiology), specifically clinically elevated levels of anxiety, excessive daytime fatigue and chronic pain. Not only would such problems lead to *increased distractibility*, but also *difficulty sustaining effort and involvement* in a manner that optimizes cognitive deficiency.

(emphasis added) [Filing No. 10-10, at ECF p. 13.]  Later that month, Plaintiff met with a consultative physical examiner, Dr. King, who opined that she is *"[l]imited in physical activities, lifting and sitting* due to mid-back pain.  Exam fairly unremarkable.  Does have some anxiety issues and maybe some cognitive [e]ffects of the medications."  (emphasis added) [Filing No. 10-10 at p. 22.]  In July of 2012, Dr. Blake, a consultative psychological examiner, wrote:

> These findings suggest that this person's ability to work will be moderately affected by her current emotional state as well as the limitations caused by her physical problems and *this reflects her current ability to work part time with flexibility for breaks.*

(emphasis added) [Filing No. 10-15, at ECF p. 28.]

Moreover, the ALJ cited a normal EMG from 2012, [Filing No. 10-2, at ECF p. 20,] yet failed to consider an EMG from 2003 documenting an "[a]bnormal study indicating a lower lumbar radiculopathy, because evidence of denervation is only localized to the lumbar paraspinous muscles, it is impossible to say exactly which level is [a]ffected, but it is likely L5 or S1."  [Filing No. 10-8, at ECF p. 23.]  In addition, the ALJ made no mention of the profound tenderness Plaintiff occasionally displayed on examination—a clinical finding particularly relevant to assessing the severity of her fibromyalgia.  [Filing No. 10-13, at ECF pp. 10, 85.]

Yet another example involves Plaintiff's allegations of episodic functional loss associated with complex migraine headaches.  The ALJ erroneously wrote that "[t]reating and examining sources do not corroborate the claimant's allegations of frequent and severe headaches."  [Filing

3

No. 10-2, at ECF p. 27.] This contradicts the ALJ's own findings, as the ALJ elsewhere wrote that "since March of 2011, she had been having severe headaches at a frequency of twice a week." *Id.* at 21.

The ALJ was simply not entitled to reject Plaintiff's allegations by citing normal examinations and ignoring the abnormal ones. *Denton v. Astrue,* 596 F. 3d 419, 425 (7th Cir. 2010). The ALJ erred by failing to account for Plaintiff's severe complex headaches when assessing her ability to perform other work. Hypothetical questions to the vocational expert "must fully set forth the claimant's impairments to the extent that they are supported by the medical evidence in the record." *Herron v. Shalala,* 19 F.3d 329, 337 (7th Cir. 1994). Here, the ALJ failed to account for Plaintiff's well documented episodes of severe functional deficits due to migraine headaches.

The Court invited supplemental briefing based on the recently decided case of *Varga v. Colvin,* 794 F.3d 809 (7th Cir. 2015). Plaintiff asserted at oral argument that in *Varga,* the Seventh Circuit held that a hypothetical question, identical to the question posed to the VE in the case, was flawed. The *Varga* court held that the hypothetical question limiting the claimant to unskilled work with no fast-paced production requirements did not account for evidence of limitations in concentration or persistence, which relate to his ability to sustain concentration for extended periods. *Id.* at 816. The Commissioner contends that Plaintiff has waived any such argument and that *Varga* is distinguishable. [Filing No. 34, at ECF pp. 1, 5.] The Court finds that *Varga* is sufficiently analogous so as to bolster Plaintiff's argument. Given that the Court heard argument on this issue and ordered supplemental briefing, the Commissioner's waiver argument rings hollow. For reasons stated elsewhere in this entry, the Court finds that *Varga* provides additional support for remand.

The Commissioner asserts that none of the evidence cited by Plaintiff suggests that she had limitations greater than those found in the ALJ's RFC assessment.  [Filing No. 23, at ECF p. 9.]  The Court disagrees.  The consultative physical examiner opined that she is "*[l]imited in physical activities*, *lifting and sitting* due to mid-back pain." (emphasis added) [Filing No. 10-10, at ECF p. 22.]  This contradicts the ALJ's conclusion that she can sustain work which involves lifting twenty pounds for one-third of the work day and which may involve "sitting most of the time."  [Filing No. 10-2, at ECF p. 23-24.]

The ALJ ignored a wealth of other evidence corroborating Plaintiff's allegations of profound, pain-related physical limitations.  For example, Dr. Huls noted "pain feels deep and sharp on the sides of spinal processes ... worse as the day goes on" and observed she was "tender over spinous processes midthoracic."  [Filing No. 10-8, at ECF pp. 42-44.]  Dr. Wilson, a neurosurgeon, observed "allodynia in the left midthoracic region and approximately the T8 and T9 dermatomes on the left" [Filing No. 10-8, at ECF pp. 43] and concluded she "has refractory mid to lower left-sided thoracic discomfort and chest wall pain.  She has an exquisite amount of allodynia, most commonly seen with neuropathic pain, stemming from postherpetic neuralgia .... Certainly the disc herniation may be contributing."  [Filing No. 10-8, at ECF pp. 44.]  Dr. Ratzman observed "tenderness to palpation over the midthoracic spine bilaterally, increased pain in the back with extension of the spine as well as quadrant loading bilaterally.  There is an area of concavity involving the posterior thoracic spine at approximately T6-7."  [Filing No. 10-8, at ECF p. 54.]  Dr. Ratzman also documented that Plaintiff took six to eight Vicodin a day without much improvement and observed tenderness to palpation over the thoracic spine bilaterally.

Thus, contrary to the Commissioner's suggestion, the evidence that the ALJ ignored was significant, and demonstrates that Plaintiff's limitations were greater than those set forth in the RFC.  Therefore, remand is appropriate.

Plaintiff also argues that the ALJ erroneously disregarded the opinion of Plaintiff's treating primary care physician, Dr. Huls.  However, as explained in the Commissioner's brief, [Filing No. 23, at pp. 13-15,] the ALJ gave several reasons for discounting Dr. Huls' opinion.  Even so, the Court is troubled by the ALJ's adoption of the opinion of testifying expert Dr. Manders.  The concern with the ALJ's reliance on Dr. Manders' opinion is twofold.  First, it does not appear that Dr. Manders was aware of Plaintiff's March 2011 hospitalization for problems related to a probable complex migraine and the clinical evidence corroborating Plaintiff's complaints.  Second, Dr. Manders explicitly stated that he could not comment on the severity or functional restrictions implicated by Plaintiff's headaches.  *See* [Filing No. 10-2, at ECF pp. 44-45] ("I can't comment on that").  As a result, the ALJ erred by adopting his assessment of Plaintiff's ability to sustain work without independently evaluating and accounting for her headaches.

Finally, Plaintiff argues that the ALJ failed to provide an adequate rationale for discounting her allegations of profound physical and mental limitations. Plaintiff contends the AJL offered only "meaningless boilerplate" in questioning Plaintiff's credibility.   As set forth above, Plaintiff has offered ample grounds for remanding this action to the ALJ.  Accordingly, the ALJ should take a fresh look at Plaintiff's credibility in light of the noted shortcomings in the ALJ's analysis.

V.        **Conclusion**

Based upon the foregoing, the Court grants Plaintiff's brief in support of appeal [Filing No. 18] and remands this matter to the ALJ for further proceedings consistent with this entry.

Dated: 9/24/2015

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Thomas B. Browder
KELLER & KELLER
tomb@2keller.com

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov